442 So.2d 351 (1983)
Randy E. STELK, Appellant,
v.
Cheryl B. STELK, Appellee.
Nos. AQ-155, AR-31.
District Court of Appeal of Florida, First District.
December 8, 1983.
*352 R. Lee Utley, Jr., Jacksonville, for appellant.
Robert C. Gobelman and Jerry J. Waxman, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
Stephen H. Donohoe, of Hooten, Donohoe & Arnold, Jacksonville, trial counsel for appellee for attorney's fees only.
WIGGINTON, Judge.
The parties in this dissolution action were married in 1974 and separated in January, 1981, one year after the birth of their only child, a son. Their affluent life-style during the marriage was accompanied by all the material trappings, but wealth did not purchase happiness, and the union dissolved in acrimony. The husband now challenges those portions of the trial court's final judgment awarding to the wife the marital home as lump sum alimony, custody of their son, and attorney's fees and costs. We affirm.
Questioning first the trial court's award of the home to the wife, we note that the facts compel no easy resolution. Although at the time of marriage the husband was receiving up to $52,000 a year income and was touted as one of the top ten salesmen in the company, in late 1980 he voluntarily changed jobs and made approximately $16,221 in 1981 as regional vice-president of an insurance company, $8,000 less than the wife, who is an airline flight attendant. Throughout the course of the marriage, the husband entered into numerous business and real estate transactions, some having been successful but short-lived, and others having failed due to transient partners. Presently the husband owns a one-fifth interest in a car lot and an adjacent commercial building, which he manages for $1,000 a year (in addition to his position with the insurance company), and also drives a 1977 300 D Mercedes Benz that he values at $24,000.
The parties purchased a home in an exclusive residential section of Jacksonville. The home is valued at approximately $185,000 with a mortgage balance at the time of dissolution of roughly $95,000. The wife was awarded the home and what little furniture remained therein following the husband's departure. The husband was awarded a special equity in the home in the amount of $8,733, the furniture he removed from the home and had not returned, the wife's interest in a duplex, owned by the parties in conjunction with another couple and having an equity of $280, and the Mercedes. He complains of being shortchanged.
In reviewing the relative merits of the trial court's action, we are constrained by our supreme court's admonition in Conner v. Conner, 439 So.2d 887 (Fla. 1983), that we must not exceed our scope of review by making our own findings of fact. In that limited capacity, we must apply the criteria set forth in section 61.08(2), Florida Statutes (1981) to the trial court's award in order to determine whether the court properly awarded the lump sum alimony. Although economic factors are certainly an important consideration in a trial court's determination, they are essentially circumscribed by the court's broad discretion to do equity and justice between the parties. Section 61.08, Florida Statutes (1981). In that regard, the supreme court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) set forth the test that "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, *353 then the action is not unreasonable and there can be no finding of an abuse of discretion." 382 So.2d at 1203.
Within those parameters we have reviewed the trial court's award of the marital home and find it not to be an abuse of discretion. Both parties' financial affidavits evidence a negative cash flow. However, despite the husband's income being less than the wife's at the time of dissolution, the record assures us, as it must have assured the trial court, that the husband's business acumen could quickly remedy that financial disparity and probably enable him to achieve a much higher income than that of the wife. Moreover, the standard of living established during the marriage is not one the wife will be able to maintain on her present income. Finally, the marital home not being the only major asset belonging to the parties, the husband can financially comply with the award without his being catapulted into economic oblivion. Thus, while the award of the home can clearly not be reconciled with the wife's need for support, considering her youth and her earning capacity, it can be justified as an equitable distribution of property. Id., at 1201. Although this Court may have fashioned a different remedy in the first instance, we cannot, as "reasonable men," say that the trial court abused its discretion in this case. The award of the marital home as lump sum alimony is affirmed.
Turning now to the question of child custody, we have no compunction in holding the trial court did not abuse its discretion in awarding custody to the wife. The record amply supports the court's decision and we affirm.
Finally, we reach the issue concerning the award of attorney's fees and court costs. Following a separate hearing, the trial court ordered the husband to pay the wife's attorney a fee of $7,500 and to pay court costs of $1,274.94. Although the husband would argue his financial inability to pay those amounts, we note that absent a transcript of the hearing this Court may not evaluate allegations of error in the findings of the trial judge; such findings must be presumed to be correct and will not be disturbed on appeal. Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983); Herbert v. Herbert, 304 So.2d 465 (Fla. 4th DCA 1974). Accordingly, the award of attorney's fees and court costs to the wife is affirmed.
THOMPSON, J., concurs.
MILLS, J., concurs in part, and dissents in part, with written opinion.
MILLS, Judge, concurring in part and dissenting in part:
I would affirm the trial court's award of the physical custody of the child of the parties to Cheryl.
I would reverse the trial court's award to Cheryl of Randy's interest in the marital home and household furniture as lump sum alimony. I would reverse the trial court's order that Randy pay Cheryl's attorney's fee and costs. The trial court abused its discretion in both instances.
Randy earns $16,221 annually. Cheryl earns $24,000 annually. She also receives insurance and pension benefits.
The marital home with a value of $185,000 has a $90,000 equity and $20,000 worth of furniture in it. Randy was awarded a special equity of $8,733 in the home. Cheryl was awarded the household furniture except for that previously removed by him.
The only other asset with monetary value was a duplex with an equity of $280, which the trial court awarded to Randy.
The trial court ordered Randy to pay Cheryl's attorney a fee of $7,500 and to pay her costs of $1,274.94.
The trial court ordered Randy to pay $350 monthly child support, to maintain health insurance on the child, to pay all dental, medical, hospital and medicine expenses not covered by the health insurance, and to maintain a $100,000 life insurance policy with the child as sole beneficiary.
There is no justification for the award of the marital home and furniture and the *354 award of attorney's fees and costs to Cheryl.
Cheryl earned approximately $8,000 a year more than Randy and received additional valuable fringe benefits. Cheryl's equity in the property awarded her exceeded that awarded Randy by $109,720.
The trial court awarded the only substantial asset of the parties to Cheryl. She failed to show a need for support or Randy's ability to pay it. In fact, because of her age, 30, and her earning capacity, there was no need for support. Cheryl made no showing of a special equity.
If Randy has funds to live on after making the payments required by the trial court's judgment for the child, he'll be lucky.
There was no evidence supporting the award of attorney's fees and costs. There was neither a showing of need nor ability to pay.
Under the facts of this case, the trial court clearly abused its discretion in its award of the home, furniture, attorney's fees and costs.