606 So.2d 1280 (1992)
Mario Gilbert MORENO, Appellant,
v.
Gloria Vecchio MORENO, Appellee.
No. 92-908.
District Court of Appeal of Florida, Fifth District.
November 6, 1992.
Don Gleason of Edward L. Scott, P.A., Ocala, for appellant.
Fred J. Krim of Savage, Krim & Simons, P.A., Ocala, for appellee.
COBB, Judge.
The issue on appeal is whether meaningful review of a permanent periodic alimony award is possible where the trial court made no findings of fact in its final judgment of dissolution.
Mario (the Husband) and Gloria (the Wife) Moreno were married on March 3, 1986 in Broward County, Florida. The Husband filed a petition for dissolution in *1281 November of 1990. At the time of the dissolution, the Husband was 43 years old and the Wife was 53 years old. The marriage lasted six years and the parties had no children. During the hearing, the Husband introduced evidence that he worked as a groomer at a horse racetrack and that his annual income had not exceeded $11,000.00 in the three years preceding the divorce. The Wife testified that she was employed as a waitress and worked about 14 hours a week, which netted her approximately $70.00 a week. The Husband testified his assets total $290.00; the Wife's financial affidavit shows a value of $92,702.00 for her assets. She indicated she had some problem with arthritis but admitted she had not seen a doctor since 1985.
The marriage was dissolved on March 11, 1992, at which time the court ordered the Husband to pay $50.00 per week to the Wife as permanent periodic alimony. In its final judgment of dissolution, the trial court made no findings of fact. The Husband appeals the award of permanent periodic alimony, contending that the trial court's failure to make findings of fact renders meaningful appellate review impossible.
Effective July 1, 1991, the Florida Legislature added the following sentence to section 61.08(1), Florida Statutes (1991), the statute dealing with award of alimony:
In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony. (Emphasis added).
Florida courts have recognized the necessity of findings of fact at the trial court level prior to meaningful appellate review. See Conner v. Conner, 439 So.2d 887 (Fla. 1983); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Stelk v. Stelk, 442 So.2d 351 (Fla. 1st DCA 1983). This requirement makes sense in light of the fact that an appellant challenging an award of alimony must "clearly demonstrate that the trial court's findings and conclusions are incorrect and that the court abused his discretion by entry of the alimony award." (Emphasis added). Baker v. Baker, 299 So.2d 138, 139 (Fla. 3d DCA 1974), cert. denied, 307 So.2d 186 (Fla. 1975). An appellant would be hard pressed to accomplish this task if the court enunciated no findings whatsoever, as in the instant case. Based on section 61.08(1), without some findings from the trial court, we are unable to review the final judgment.
Accordingly, we vacate the final judgment of dissolution to the extent of the permanent periodic alimony award and remand this cause to the trial court for findings of fact as required by section 61.08(1), Fla. Stat. (1991).
VACATED and REMANDED.
COWART and DIAMANTIS, JJ., concur.