FRANK, Chief Judge.
In this dissolution proceeding, the husband has raised several issues, only one of which has merit.
The husband, a former commercial pilot of USAir, asserts that the trial court erred in awarding rehabilitative alimony to the wife of $500 a month for four years. We agree. The wife is now gainfully employed as a flight attendant for USAir. She appears to be earning a respectable income, and any need that might have existed for *1173 rehabilitative alimony no longer exists. In any event, rehabilitative alimony was not warranted, as she failed to present to the trial court a plan for rehabilitation outlining her career goals and that which would be needed to accomplish them. Mahaffey v. Mahaffey, 614 So.2d 649, 650 (Fla. 2d DCA1993). In light of our holding that the former wife failed to show a need for rehabilitative alimony, the trial court’s alleged error in imputing to the husband $50,000 annual income is of no consequence.
Finally, none of the husband’s other contentions has merit. We affirm the trial court’s calculation of the non-marital portion of his pension plan because he has presented an entirely different argument on appeal from that advanced at trial. The court’s equitable distribution of marital assets, as well as the award of lump sum alimony to the wife, are within the exercise of the court’s discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Affirmed in part, reversed in part, and remanded to strike the rehabilitative alimony award.
SCHOONOVER and PATTERSON, JJ., concur.