690 So.2d 750 (1997)
Roselyne H. REGISTER, Appellant/Cross-Appellee,
v.
Robert E. REGISTER, Appellee/Cross-Appellant.
No. 96-2233.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
William R. Northcutt of William R. Northcutt, P.A., Indian Harbour Beach, for Appellant/Cross-Appellee.
*751 Robert M. Marasco of Marasco & Wilkes, Rockledge, for Appellee/ Cross-Appellant.
DAUKSCH, Judge.
This is an appeal from a judgment in a marital dissolution case. We affirm the judgment except as set out below.
Appellant did not seek rehabilitative alimony, so she offered no evidence in that regard. It was error to award it. See Robinson v. Robinson, 655 So.2d 123 (Fla. 3d DCA 1995). It is well established that a party seeking rehabilitative alimony must prove the necessity for such an award and present a plan for rehabilitation. See Horgan v. Horgan, 622 So.2d 1172 (Fla. 2d DCA 1993); Adams v. Adams, 604 So.2d 494 (Fla. 3d DCA 1992), rev. den., 614 So.2d 502 (Fla. 1993); Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980).
Appellant did seek her share of the pension of appellee. The court erred in failing to recognize her rights in this marital property. See Cox v. Cox, 659 So.2d 1051 (Fla.1995); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995).
Because we must reverse these awards, it will be necessary on remand for the trial judge to reexamine the award of attorney's fees to appellant and the lack of award of permanent alimony to appellant. If the income and assets of the parties is nearly equal, then neither is entitled to receive attorney's fees from the other. The determination of whether appellant is entitled to permanent alimony should be made anew when all of the financial equities are considered on remand.
AFFIRMED in part; REVERSED in part; REMANDED.
PETERSON, C.J., and GOSHORN, J., concur.