PER CURIAM.
The former husband appeals from a final judgment of dissolution of marriage. We find merit only in his contention that the trial court erred in awarding permanent alimony to the former wife, and we reverse that award.
The record below established that the wife, 34 years of age at the time of dissolution, was in good health, had a nursing degree and was employed as a pharmaceutical representative. She testified that she could earn $3,000.00 per month as a placement coordinator. An award of permanent alimony under those circumstances was an abuse of discretion. See Siegel v. Siegel, 564 So.2d 226 (Fla. 5th DCA 1990); Bujarski v. Bujarski, 530 So.2d 953 (Fla. 5th DCA 1988); Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla.1984). A determination that permanent alimony should be awarded implies that one spouse is incapable of self-support. Griffith v. Griffith, 528 So.2d 1325, 1326 (Fla. 5th DCA 1988). That incapacity is not demonstrated by the instant record.
It is understandable that the trial judge in this ease made no attempt to comply with the requirements of section 61.08(1) and (2), Florida Statutes, in respect to findings of fact to support his alimony award. See Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992). In the case relied upon by the appel-lee to support an award of permanent alimony— O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982) — the parties had been married for thirty-two years, the wife had not been gainfully employed, and she was 50 years old at the time of dissolution.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION.
COBB and GOSHORN, JJ., concur.
W. SHARP, J., dissents with opinion.