COBB, Judge.
The issue presented in this case is whether the trial court erred in awarding permanent periodic alimony to a healthy, 46 year old wife upon dissolution of the couple’s nine year, childless marriage. The wife is fully capable of working and supporting herself. We hold that the award of permanent periodic alimony in these circumstances constitutes an abuse of discretion. See Stewart v. Stewart, 696 So.2d 1237 (Fla. 5th DCA 1997) The trial court failed to identify any extraordinary contributions of the wife to the marriage in support of its permanent alimony award. Furthermore, the husband’s alleged misconduct relating to a purported affair was not shown to have caused any material depletion of the parties’ marital assets. See Siegel v. Siegel, 564 So.2d 226 (Fla. 5th DCA 1990). See also Haley v. Haley, 649 So.2d 332 (Fla. 5th DCA 1995).
We have considered whether remand for consideration of an award of rehabilitative alimony would be appropriate but conclude that such an award could not be made given the ex-wife’s failure to present below any plan for rehabilitation. See Glazner v. Glazner, 693 So.2d 650 (Fla. 5th DCA 1997); Register v. Register, 690 So.2d 750 (Fla. 5th DCA 1997). See also Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991).
Nothing in our opinion should be read as disturbing paragraph E of the dissolution judgment to the extent it requires the husband to provide health insurance for the wife until she becomes employed and has a health program available to her.
The alimony award is REVERSED.
ANTOON, J., concurs.
W. SHARP, J., dissents with opinion.