COBB, Judge.
We reverse the equitable distribution and support awards contained in the final judgment of dissolution of marriage on the grounds that the trial court erred in: (1) failing to make a factual finding as to the husband’s income, which finding is required by section 61.08(1), Florida Statutes, to permit meaningful appellate review, Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992); (2) finding that no evidence was presented as to the wife’s rehabilitation efforts and expected income when ample, uncontradicted evidence established that the wife was enrolled in a medical assistant’s program which has a 100% job placement rate and from which she could expect to earn approximately $1,300 per month upon placement; and (3) failing to designate responsibility for the couple’s IRS debt.
Further, the parties concede that the trial court erred in valuing two assets. The Taylor Rental business should have been valued at $103,000 (excluding real estate) while the 401K plan should have been valued at $72,-817.
On remand these errors and omissions should be corrected. The trial court is at liberty to adjust the equitable distribution and alimony award in conjunction with these corrections.
REVERSED AND REMANDED.
GOSHORN, J., concurs.
W. SHARP, J., concurs in part and dissents in part, with opinion.