717 So.2d 208 (1998)
George C. BEASLEY, Jr., Appellant,
v.
Serenna Ann BEASLEY, Appellee.
No. 98-148.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
James R. Dressler, Cocoa Beach, for Appellant.
No Appearance for Appellee.
*209 GOSHORN, Judge.
George Beasley ("Appellant") appeals the amended final judgment dissolving his marriage to Serenna Beasley ("Appellee"). We address Appellant's four points of error seriatim.
The parties were first married on May 27, 1966 and that marriage was dissolved on June 8, 1970. The parties remarried on February 27, 1971 and divorced a second time in 1997. Shortly before the first marriage Appellant began service in the Air Force, retiring in 1989. Appellee worked only sporadically during the marriages.
Appellant first argues that the court erred in combining the length of both marriages in computing Appellee's entitlement to part of his military retirement benefit, urging that the court was limited to consideration of the duration of only the second marriage in calculating Appellee's proportionate share. However, we find that the court acted within its discretion in including both marriages in its computation, especially given the brevity of the first separation. See Cox v. Cox, 659 So.2d 1051 (Fla.1995).
Secondly, Appellant alleges that the court erred in awarding rehabilitative alimony absent presentation of a rehabilitative plan. Appellant is correct that no written plan was presented by Appellee, nor was an oral rehabilitation plan presented. Under these circumstances, it was error to award rehabilitative alimony. See Register v. Register, 690 So.2d 750, 751 (Fla. 5th DCA 1997) ("It is well established that a party seeking rehabilitative alimony must prove the necessity for such an award and present a plan for rehabilitation."); Brock v. Brock, 682 So.2d 682, 683 (Fla. 5th DCA 1996) ("[A] viable rehabilitative plan must be presented at the time the request for rehabilitative alimony is made."). Anticipating reversal on this point, the trial court's order states that "[i]f the rehabilitative alimony is overturned on appeal, it is the Court's finding that lump sum alimony, payable periodically, will be needed in the same amount for such period." On remand, the trial court may not avoid the mandate of this court by awarding lump sum alimony.
Next, Appellant contends that the court's award of $2000 per month in permanent periodic alimony is not supported by findings as to need and ability to pay or the other factors outlined in subsection 61.08(2), Florida Statutes. Appellant is correct that although the order makes some of the statutory findings, it does not explain how the court arrived
at the $2000 amount or how it reconciled the parties' claimed expenses with the evidence of Appellant's ability to pay. The order contradictorily refers to Appellant's "ample income" while also noting that the parties' lifestyle cannot be sustained by Appellant's income. Hence, although we agree that an award of permanent periodic alimony is proper in this case, we remand for specific findings and an award of an amount supported by the evidence. See Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996).
Finally, Appellant contests the court's valuation of his frequent flyer miles. The court divided the miles equally in kind and, for whatever reason, assigned the miles a "nominal value" of 1¢ per mile. However, the court also provided that in the event that the miles could not be divided (per airline policy), then Appellant was to pay Appellee 10¢ per mile for ½ of the approximately 500,000 miles$25,000. Appellant is correct that the court's valuation is not supported by the record. In fact, the court acknowledged that no evidence of value was presented and that it "selected" the value it assigned. There is no evidence to support either the 1¢ or 10¢ valuations, nor is there any reason for the different valuations for the purpose of division in kind versus "payoff." Although there is no apparent problem with the division in kind, the court erred in assigning a value to the miles absent evidence to support that valuation. See Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993).
In sum, we affirm the computation of Appellee's portion of Appellant's military retirement benefit but reverse the alimony awards and valuation of the frequent flyer miles. On remand, the court should award an amount of permanent periodic alimony supported by record evidence and specific factual findings.
*210 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
COBB and W. SHARP, JJ., concur.