795 So.2d 1124 (2001)
Philip O. PARENTEAU, III, Appellant,
v.
Lynn PARENTEAU, Appellee.
No. 5D01-36.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1125 Henry J. Martocci, Rockledge, for Appellant.
Joan H. Bickerstaff of Law Office of Joan H. Bickerstaff, P.A., Melbourne, for Appellee.
SAWAYA, J.
Philip Parenteau, III, appeals the supplemental final judgment of dissolution of marriage. He argues that the trial court erred (1) by failing to properly calculate his special equity in compliance with the formula adopted in Landay v. Landay, 429 So.2d 1197 (Fla.1983) and (2) by failing to make the findings of fact required by section 61.08, Florida Statutes. Lynn Parenteau concedes the need for remand. Accordingly, we reverse and remand for specific findings of fact as discussed hereafter.
The parties had a very short term marriage, uniting in marriage on September 28, 1996, and filing for divorce on May 7, 1998. The wife sought a partition of the marital home. The husband sought alimony based on his physical disability and claimed a special equity in the marital home. After hearing evidence, the trial court entered a supplemental final judgment of dissolution of marriage in which the trial court made several findings, including that the husband had a special equity in the marital home but was not entitled to alimony. Unfortunately, the trial court did not make the findings of fact required to perform the Landay calculation, nor did it make all of the findings required by section 61.08, which governs alimony awards. We note that a trial court's blanket statement that it has considered *1126 all the statutory factors is insufficient to meet the statute's requirement that findings of fact "shall" be included as to the factors listed in the statute. § 61.08(1), (2), Fla. Stat. (2000).
Both parties agree that the trial court erred in failing to calculate the husband's special equity in the marital home pursuant to the formula set out in Landay. Although the trial court did find that the husband had a special equity of $38,400, that portion of the final judgment determining special equity must be reversed and the case remanded for the trial court to make appropriate written findings of fact regarding the figures necessary to perform the Landay calculation. The trial court may take such additional evidence as it deems necessary or may base its findings upon the evidence previously admitted. See Dyson v. Dyson, 597 So.2d 320, 326 (Fla. 1st DCA 1992) ("The circuit court is free to take additional evidence as it and the parties deem appropriate during further proceedings pursuant to this decision."); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980) (same). After making sufficient findings, the trial court must recalculate the amount of the husband's special equity in accordance therewith. The trial court is free to re-examine the total spectrum of the asset distribution in the event that the recalculation requires that the asset distribution be changed.
The husband's second argument, that the trial court's failure to make specific findings of fact as to each statutory factor as required by section 61.08(1) requires remand, also has merit. This court has generally held that the failure to make the specific findings requires reversal. See, e.g., Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001); Brown v. Brown, 626 So.2d 1121 (Fla. 5th DCA 1993); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993). However, we agree with the wife that the shortcomings of the final judgment may easily be remedied by remand with directions to the trial court to enter appropriate findings of fact based upon the evidence in the record. To the extent that the husband failed to shoulder his evidentiary burden on certain issues initially, the husband cannot be permitted to benefit by the remand and receive a second opportunity to prove his case. Thus our remand is for the limited purpose of making factual findings only as to those statutory factors which were not addressed originally.
REVERSED and REMANDED with instructions.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.