799 So.2d 1127 (2001)
Frank VITALIS, Appellant,
v.
Lesli VITALIS, Appellee.
No. 5D01-339.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
*1128 C. Michael Duncan of the Law Offices of Stephen R. Caplan, Orlando, for Appellant.
Timothy R. Askew, Jr. of Hutchison, Mamele & Coover, P.A., Sanford, for Appellee.
*1129 ORFINGER, R. B., J.
Frank Vitalis, the husband, appeals the final judgment dissolving the parties' marriage. Specifically, he contests the award of permanent and rehabilitative alimony to Lesli Vitalis, the wife. He also contests the award of attorney's fees and costs to the wife.
The parties were married in 1980 and separated in 1999. They had two children, a daughter, age 16, and a son, age 10. The parties amicably resolved all issues concerning custody, visitation, child support and division of the marital property. The issues presented to the trial court concerned the wife's request for rehabilitative and permanent alimony and the payment of attorney's fees and costs.
Both the husband and the wife were approximately 40 years old at the time of the divorce. During the marriage they enjoyed a comfortable life. They owned two residences, took vacations, and drove newer vehicles. Their children attended private schools. Throughout the marriage, the wife worked part-time outside the home while acting as a homemaker and primary caregiver to their two children. The wife earned a high school diploma and had completed a few courses at trade schools and community colleges. Shortly after their marriage, they moved to Texas where she worked part-time, often earning only minimum wage, as a waitress, medical assistant, and receptionist. Upon their return to Florida in 1990, their son was born and the wife stayed home to care of him. She later returned to work full-time as a medical assistant; however, the demands of that job proved too great along with the responsibility of caring for two young children. Thereafter, she worked part-time as a waitress until 1996 when she took a part-time position with the Wekiva Christian School, as a teacher's assistant. Subsequent to filing for dissolution in August 2000, she began working full-time at the school earning $7.50 an hour. The wife's net monthly salary was about $1,083 at the time of trial. The wife had a rehabilitation plan. She testified that she planned to return to college part-time to pursue a college degree in education while working part-time and caring for her son. She estimated that the total cost of her education would be approximately $13,000 and that it would take about seven years to earn her degree. She requested rehabilitative alimony of $300 per month for seven years.
During much of the parties' marriage, the husband was employed by Southland Corporation. Southland Corporation owns and operates 7-Eleven stores. While employed by Southland, the husband worked as a refrigeration mechanic, a group salesman, a dispatcher, a field service technician, and as a service supervisor. In April 1993, the husband resigned from Southland and started All-Rite Services. All-Rite Services provides maintenance for gas pumps at 7-Eleven stores. The husband's company also provides maintenance for Southland's office buildings.
During the course of the litigation, the husband filed three financial affidavits with the trial court. In the November 3, 1999 affidavit, the husband indicated that his gross monthly income was $1,230.54. In his November 9, 1999 affidavit, he showed gross monthly income of $3,107. Finally, his March 27, 2000 affidavit showed gross monthly income of $3,841.12. The husband testified that his income ranged from $3,200 to $3,800 per month.
The parties' 1998 and 1999 tax returns were received into evidence. The tax returns revealed annual adjusted income of $49,319 in 1998 and $69,296 in 1999. The trial court found that the husband's adjusted gross monthly income was $6,846. Apparently the court concluded that the husband improperly deducted certain personal *1130 expenses as business expenses, thereby reducing the adjusted gross income reflected on the tax returns.[1]
On November 7, 2000, the trial court dissolved the parties' marriage. The trial court awarded the wife permanent alimony of $1,200 per month, rehabilitative alimony of $300 per month for seven years, attorney's fees of $20,000, and costs of $2,028.58.
In a dissolution proceeding, the trial court possess broad discretion to do equity between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Doyle v. Doyle, 789 So.2d 499, 501 (Fla. 5th DCA 2001). The standard of review is whether the trial court abused its discretion. Canakaris, 382 So.2d at 1202-03. In reviewing a dissolution judgment, this court looks at the judgment as a whole in determining whether the trial court abused its discretion. Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991). "It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the evidence. Rather, the test is whether the judgment of the trial court is supported by competent evidence." Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984) (citing Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983)).
The husband argues that the wife is not entitled to an award of rehabilitative and/or permanent alimony because the final judgment failed to contain the express findings of fact required by section 61.08, Florida Statutes (2000). Section 61.08(1) requires the trial court to make findings of fact regarding the factors enumerated in subsection (2) supporting the award or denial of alimony. These factors include:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
§ 61.08(2), Fla. Stat. (2000).
The trial court set forth few facts in support of its rulings granting alimony. Instead, the final judgment simply tracked the statute without providing specific factual support for most of the mandated factors. See Benters v. Benters, 655 So.2d 1243 (Fla. 5th DCA 1995). In pertinent part, the final judgment states:
G. This is a marriage of 20 years.
H. The parties entered into a Partial Mediated Agreement on October 24, 2000 to divide the real and personal property of the marriage.
I. The Wife acknowledged a disparity of $7,000 in the division of personal property and waived any difference that is contained in the division of the property.
J. The parties entered into a Shared Parenting Agreement on October 24, 2000, whereby the parties shall exercise shared parental responsibility for the minor children of the marriage, with the *1131 Wife having primary residential responsibility for Dylan and the Husband having primary residential responsibility for Krystle. A contract schedule between the parties and the children is set forth in the Shared Parenting Agreement.
K. The Husband's 1999 and 2000 Dome ledgers and the summaries provided by counsel for Wife, which adds back into Husband's income those amounts for personal expenses, indicates the Husband has gross monthly income of $6,846.00
L. The Wife has gross monthly income of $1,082.50
M. The parties have agreed that the minor child, Dylan, shall attend private school.
N. The Wife maintains health insurance on the minor children and shall have credit for same in the child support guidelines computations.
O. Wife has incurred reasonable attorney's fees in the amount of $27,024.53 and reasonable costs of $2,028.50. Husband has the ability to make a contribution towards same.
P. Based upon the length of the marriage, Wife's working sporadically throughout the marriage at part-time jobs until this past school year, the lifestyle enjoyed by the parties, the disparity of income and the Wife's inability to earn income comparable to Husband's, the Wife has shown a need for permanent alimony and the Husband has the ability to pay same.
Q. The Wife has shown a need to attend school so that she can obtain employment suitable to care for herself and Dylan. The Wife has the need for rehabilitative alimony and the Husband has the ability to pay same.
This court has consistently held that a trial court's failure to make findings of fact, as required by section 61.08, constitutes reversible error.[2]See Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001) (citing Brown v. Brown, 626 So.2d 1121 (Fla. 5th DCA 1993)); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992); see also Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998); Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996). In Hill, we said that "[a]lthough the facts ... suggest that permanent periodic alimony should have been awarded to the Wife, we cannot say that she was entitled to receive such an award as a matter of law because the trial court failed to set forth sufficient findings of fact." Hill, 776 So.2d at 1006. The same is true here.[3]
The trial court found that the husband had gross monthly income of $6,846[4] while *1132 the wife had gross monthly income of $1,082.50, reflecting a disparity in the parties' incomes. However, it appears that the trial court simply accepted the wife's suggested figure of the husband's monthly gross income, without making any findings to support that determination. See Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993); see also Smith v. Smith, 737 So.2d 641 (Fla. 1st DCA 1999) (holding that in determining actual income for purposes of awarding alimony, the trial court must set forth factual findings regarding a spouse's probable and potential level of earnings, the source of actual and imputed income, and any adjustments to income); Billig v. Billig, 716 So.2d 861 (Fla. 5th DCA 1998) (holding that the trial court was required to make a factual finding as to husband's income before it made equitable distribution and support awards). Without appropriate findings, we cannot determine the basis for the permanent alimony award.[5]
Permanent alimony is appropriate where the income of the spouse seeking alimony cannot support that spouse in accordance with the life-style established during the marriage. Webb v. Webb, 659 So.2d 336, 337 (Fla. 1st DCA 1995). For purposes of determining entitlement to alimony, a spouse is not self-supporting just because he or she has a job and income. To the extent possible, a divorced spouse is entitled to live in a manner reasonably commensurate with the standard established during the course of a marriage, notwithstanding that the spouse is employed. O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982). Although we suspect the wife is entitled to permanent alimony, we are unable to reach that conclusion as a matter of law for the reasons previously discussed.
The trial court awarded rehabilitative alimony for seven years based on the wife's testimony that she needed that amount of time to complete her degree, while at the same time working part-time and caring for the parties' son. The wife testified that she would earn approximately $20,000 per year after obtaining her degree. While we agree that the wife's rehabilitation plan is sufficient, we cannot determine how the court arrived at the amount awarded. Seven years of rehabilitative alimony at $300 per month totals $25,200. The wife's testimony was that the cost to complete her rehabilitative plan would be approximately $13,000. We cannot explain the difference.
Finally, the husband argues that it was error for the trial court to award the wife attorney's fees without assessing his financial position after making the other awards to the wife. Specifically, he argues that the court failed to consider the factors enumerated in section 61.16, Florida Statutes (2000), and Rosen v. Rosen, 696 So.2d 697 (Fla.1997). Whether to grant an award of attorney's fees is a matter within the trial court's sound discretion. Bloodwell v. Bloodwell, 508 So.2d 771 (Fla. 5th DCA 1987). Section 61.16 provides for an award of attorney's fees in a dissolution proceeding to ensure that both parties have similar ability to secure competent legal counsel. In Rosen, the supreme court stated that "the financial resources of the parties are the primary factor to be considered." Rosen, 696 So.2d at 699. Where one spouse has a superior financial ability to secure counsel, it is not necessary for the other spouse to be completely *1133 unable to pay attorney's fees in order to be entitled to an award of such fees. Canakaris, 382 So.2d at 1205. On the other hand, where the parties to a dissolution are equally able to pay attorney's fees, it is an abuse of the court's discretion to require one spouse to pay the other's attorney's fees. Peak v. Peak, 411 So.2d 325, 328 (Fla. 5th DCA 1982).
In this case, the court found that the wife incurred attorney's fees in the amount of $27,024.53 and costs in the amount of $2,028.50. The husband did not dispute the reasonableness of the time spent by the wife's counsel. The trial court concluded that the husband has the ability to contribute toward the wife's attorney's fees. As Rosen provides, the primary factor to be considered in making a fee award is the financial resources of the parties. Rosen, 696 So.2d at 699. Other factors that may be considered in making a fee award include:
the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Id. at 700; see also Hartman v. Hartman, 761 So.2d 429 (Fla. 5th DCA 2000). No findings were made by the trial court regarding the statutory factor or the additional factors set forth in Rosen. At the close of the case, the trial court announced its ruling on attorney's fees, but provided no explanation regarding the amount awarded or the financial position of the husband relative to that of the wife.
It is an abuse of discretion to require one party to pay the other party's attorney's fees where each party has substantially equal ability to pay such fees. McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983). A trial court abuses its discretion in awarding attorney's fees if the equal distribution of the marital property has been achieved and the trial court equalized incomes through its alimony awards. See Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994). While the trial judge may have a sufficient basis to award attorney's fees to the wife, such basis was not announced on the record or in the final judgment. Absent the trial court's reasoning and given the uncertainty of the alimony awards, we cannot uphold the fee award.[6]
The shortcomings of the final judgment may easily be remedied by remand with directions to the trial court to enter appropriate findings of fact based on the evidence in the record. To the extent that the parties failed to carry their evidentiary burden on certain issues, they should not be permitted to benefit by the remand and receive a second opportunity to prove their case. Thus, our remand is for the limited purpose of making factual findings only as to those factors not addressed originally. Parenteau v. Parenteau, 795 So.2d 1124 (Fla. 5th DCA 2001).
REVERSED AND REMANDED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] Because the judgment lacks findings, we cannot determine what adjustments the trial court made to determine the husband's monthly income.
[2] The findings of fact requirement serves two purposesboth important. First, it requires the judge to determine what the "facts" of the case actually are. Too often appellate judges cite the testimony of one party or the other as the facts of the case. Testimony is not a fact until the trial judge says it is a fact.

* * *
The second purpose of the findings of fact is even more important. It permits a comparable fairness analysis.
Kennedy v. Kennedy, 622 So.2d 1033, 1035 (Fla. 5th DCA 1993).
[3] "[T]rial judges should make complete findings rather than rely upon the appellate court to search the record for evidence to support the result reached by the trial court." Killius v. Killius, 701 So.2d 1245, 1248 (Fla. 5th DCA 1997) (Thompson, J., concurring).
[4] In the three financial affidavits that the husband provided to the court, the husband never asserted that he earned more than approximately $3,800 per month. It appears that the trial court, after considering the husband's business ledgers, accepted the adjustments to the husband's monthly income suggested by the wife. The husband disputes this finding. Because scant findings were made in the final judgment, we cannot determine what adjustments were accepted by the trial court. As a result, we are precluded from any meaningful review of this issue.
[5] We also cannot determine if the husband's child support payments were considered in determining the income available for alimony.
[6] Because we are remanding this matter to the trial court to supplement its findings in support of the alimony awards, the trial court may also revisit the award of attorney's fees and costs as part of reconciliation of the case as a whole. See Schiller v. Schiller, 625 So.2d 856, 862 (Fla. 5th DCA 1993).