940 So.2d 1206 (2006)
Richard SOLA, Appellant,
v.
Sylvette Noemi SOLA, Appellee.
Sylvette Noemi Sola, Appellant,
v.
Richard Sola, Appellee.
Richard Sola, Appellant,
v.
Sylvette Noemi Sola, Appellee.
Nos. 2D05-1145, 2D05-3392, 2D05-4061.
District Court of Appeal of Florida, Second District.
October 27, 2006.
Joseph R. Park and Michael J. Park of Park & Ossian, P.A., Clearwater, for Appellant.
David A. Maney and Patricia Kuhlman of Maney, Damsker, Jones & Kuhlman, P.A., Tampa, for Appellee.

*1207 CONSOLIDATED

KELLY, Judge.
In these consolidated cases, the parties appeal from the final judgment dissolving their marriage and from the order awarding attorney's fees and costs. Richard Sola (the husband) challenges the permanent periodic alimony award to Sylvette Noemi Sola (the wife). Both parties challenge the trial court's award of attorney's fees and costs. Because the alimony award is based in part on an expense the wife no longer has, we reverse the alimony award. We affirm the award of attorney's fees and costs and remand for further proceedings.
As part of the equitable distribution of the parties' assets, the wife was awarded the marital residence valued at $880,000. The husband contends that because he had satisfied the mortgage on the marital residence before the final hearing, the trial court erred in including the $3,788 monthly mortgage payment in the wife's alimony award. We agree.
"The purpose of permanent periodic alimony is to provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties." Mallard v. Mallard, 771 So.2d 1138, 1140 (Fla.2000); see also Tarkow v. Tarkow, 805 So.2d 854, 856 (Fla. 2d DCA 2001). The trial court should determine the payee spouse's need based upon circumstances that exist at the time of the final dissolution hearing. Italiano v. Italiano, 873 So.2d 558, 560 (Fla. 2d DCA 2004); see also LaSala v. LaSala, 806 So.2d 602, 604 (Fla. 4th DCA 2002). At the time of the final hearing, the wife no longer had the expense of the mortgage payment. Accordingly, the trial court should not have considered it in determining the wife's need for alimony. Cf. Loss v. Loss, 714 So.2d 1093, 1094 (Fla. 4th DCA 1998) (holding that a reduction in alimony in the amount of a monthly mortgage payment is proper where the party responsible for the monthly payment satisfies the mortgage). On remand, the trial court is directed to reduce the alimony award by $3,788.[1]
Both parties challenge the trial court's award of attorney's fees; however, we cannot conclude that the award constituted an abuse of the trial court's discretion. See Rosen v. Rosen, 696 So.2d 697, 700 (Fla. 1997). Therefore, we affirm the award of attorney's fees and costs. On remand, however, the trial court should reconsider this award, as well as the award of child support, in light of the reduction in the wife's alimony award. We affirm the final judgment of dissolution in all other respects.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, J., and FOSTER, ROBERT A., Associate Judge, Concur.
NOTES
[1] The reduction should be applied to both the prospective and retroactive periods for which alimony was awarded.