ORFINGER, J.
The former wife, Lisa Wright, and the former husband, Hendon 0. Wright, III, each appeal from a final judgment of dissolution of marriage addressing equitable distribution, alimony and child support. While the parties raise numerous issues, we find merit in two of the former wife’s challenges, and affirm the remaining issues without comment.
The parties were married for eighteen years. They have four children; three were minors at the time of the final hearing. The former husband is a risk manager with a national bank, while the former wife is a business analyst, with a different national bank. Annually, the former husband earns approximately $177,000, while the former wife earns about $109,000. In the final judgment, the court denied the former wife’s request for permanent alimony, noting that her need for alimony had not been proven. In doing so, the court observed that it “need not address the *1144 statutory factors regarding the type and amount of alimony until there is proof produced at trial that there is a need .... ” On appeal, the former wife argues that the trial court erred in denying her permanent alimony when it failed to make the factual findings required by section 61.08, Florida Statutes (2012).
A final judgment awarding or denying alimony must contain findings of fact relative to the specific, non-exhaustive list of factors enumerated in section 61.08(2). See § 61.08(1), Fla. Stat. (2012) (“In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony”). Section 61.08(2), Florida Statutes (2012), mandates that the trial court evaluate any relevant economic factors, including the parties’ earning ability, age, health, education, standard of living during the marriage, value of each party’s estate and contribution to the marriage. See, e.g., Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla.1980); Roth v. Cortina, 59 So.3d 163, 166 (Fla. 3d DCA 2011); Matajek v. Skowronska, 927 So.2d 981, 986-87 (Fla. 5th DCA 2006); Ryan v. Ryan, 927 So.2d 109, 112 (Fla. 4th DCA 2006); Williams v. Williams, 923 So.2d 606, 608 (Fla. 2d DCA 2006). In conducting the required evaluation, the trial court must make findings of fact regarding each listed factor. Ryan, 927 So.2d at 112. This Court has consistently held that a trial court’s failure to make the findings of fact, as section 61.08 requires, constitutes reversible error.[1] See, e.g., Vitalis v. Vitalis, 799 So.2d 1127, 1131 (Fla. 5th DCA 2001); Hill v. Hooten, 776 So.2d 1004, 1006 (Fla. 5th DCA 2001); Beasley v. Beasley, 717 So.2d 208, 209 (Fla. 5th DCA 1998); Rausch v. Rausch, 680 So.2d 624, 624-25 (Fla. 5th DCA 1996); Brown v. Brown, 626 So.2d 1121, 1122 (Fla. 5th DCA 1993); Miller v. Miller, 625 So.2d 1320, 1321 (Fla. 5th DCA 1993); Moreno v. Moreno, 606 So.2d 1280, 1281 (Fla. 5th DCA 1992). However, omitting these findings is only harmful if their absence impedes appellate review. Williams, 923 So.2d at 608. After a thorough review of the record, we find that is the case here.
The parties’ eighteen-year marriage was a long-term marriage, and therefore, subject to the presumption for permanent, periodic alimony if a need was demonstrated. See § 61.08(4), Fla. Stat. (2012) (defining long-term marriages as “having a duration of 17 years or greater”); McCants v. McCants, 984 So.2d 678, 682 (Fla. 2d DCA 2008) (recognizing eighteen-year marriage as long term); Schomburg v. Schomburg, 845 So.2d 257, 258 (Fla. 2d DCA 2003) (“Because of the long term of the marriage, there is an initial presumption that permanent alimony is proper.”). The former wife may be entitled to permanent alimony, but we are unable to reach that conclusion as a matter of law because the trial court failed to set forth sufficient findings of fact. See Hill, 776 So.2d at 1006. While several of the statutory factors relating to the former wife’s need for alimony can be inferred from the record, the record does not conclusively establish all of them. For example, the record is conflicted as to the parties’ standard of living during the marriage,[2] each party’s physical and emotional condition, the contribution of each party to *1145 the marriage, and each party’s responsibility with regard to their minor children. In addition, the record is murky regarding the former wife’s current living expenses and whether her current income is capable of meeting those expenses.[3] Because it is difficult to discern the facts supporting the former wife’s need for alimony, the trial court’s omission of findings confounds meaningful appellate review. In determining the need for alimony, the trial court should be mindful that the former wife is not required to liquidate and deplete her assets to provide for her living expenses. Grill v. Grill, 128 So.3d 683, 684 (Fla. 2d DCA 2013). The primary factor for the trial court to consider is the former wife’s need for alimony and the former husband’s ability to pay. See Kelley v. Kelley, 967 So.2d 924, 926 (Fla. 2d DCA 2006). The trial court should not leave the former wife substantially unable to meet her basic needs, let alone enjoy the standard of living she enjoyed during the marriage, if she can demonstrate a need and the former husband’s ability to pay. McCants, 984 So.2d at 683.
Accordingly, we reverse the final judgment as it relates to the issue of alimony. The parties are entitled to findings, based on the evidence in the record and all of the factors enumerated in section 61.08(2)(a)-(j). See § 61.08(8), Fla. Stat. (2012) (“Permanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2) .... ”); Broemer v. Broemer, 109 So.3d 284, 290 (Fla. 1st DCA 2013) (remanding durational alimony award for additional findings where court failed to address initial rebuttable presumption of permanent alimony arising out of twenty-seven-year long-term marriage); Sellers v. Sellers, 68 So.3d 348, 350-51 (Fla. 1st DCA 2011) (reversing and remanding for trial court to make findings regarding denial of permanent alimony). Because we reverse on the issue of alimony, the court may need to reconsider the child support award if it reaches a different result on this issue. See, e.g., Guobaitis v. Sherrer, 18 So.3d 28, 33 (Fla. 3d DCA 2009) (requiring trial court to reconsider alimony and child support in light of reversal of equitable distribution scheme); Sola v. Sola, 940 So.2d 1206,1207 (Fla. 2d DCA 2006) (urging trial court to reconsider awards of attorney’s fees and child support in light of reduction of alimony award).
The former wife also argues that the final judgment is inconsistent. Ambiguities in a final judgment can require remand for clarification. See, e.g., Salm v. Salm, 975 So.2d 583, 583 (Fla. 4th DCA 2008) (remanding for trial court to clarify ambiguity in final judgment); T.P. v. Dep’t of Children & Families, 954 So.2d 677, 681 (Fla. 5th DCA 2007) (remanding for clarification of inconsistent order). In the in- *1146 stant case, the trial court required the former wife to bear the costs of “electric and utilities, cable, internet and telephone services to the marital residence,” while also requiring her to split with the former husband “all utilities and service contracts associated with the marital residence.” Because the judgment requires the former wife to both solely bear and split the enumerated utilities and services, it should be clarified on remand.
The final judgment’s shortcomings can be remedied by adding appropriate findings of fact based on the evidence in the record and clarifying the utilities provisions on remand. To the extent that the parties failed to carry their evidentiary burden on certain issues, they should not be permitted to receive a second opportunity to prove their case. Thus, we remand for the purposes of clarification and making factual findings as to those factors not addressed originally. Vitalis, 799 So.2d at 1133; Parenteau v. Parenteau, 795 So.2d 1124 (Fla. 5th DCA 2001). However, the trial court may, within it broad discretion, reopen the evidence if it deems it necessary to address the issues remanded.
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER and LAWSON, JJ., concur.

. The findings of fact requirement serves two important purposes. First, it requires the judge to determine what the "facts” of the case actually are. Testimony is not a fact until the trial judge says it is a fact. Second, it permits an appellate court to do a comparable fairness analysis on appeal. Kennedy v. Kennedy, 622 So.2d 1033, 1035 (Fla. 5th DCA 1993).

. The parties testified that their standard of living during the marriage was substantial, *1145 but because the trial court did not make findings describing the standard of living, appellate review has been inhibited. See Ondrejack v. Ondrejack, 839 So.2d 867, 871 (Fla. 4th DCA 2003).

. We also note that one of the former wife's bases for seeking alimony is the children’s extracurricular activities. The children’s expensive extracurricular activities are a consideration in establishing child support, not alimony. The guideline amount, as determined by section 61.309, presumptively establishes the amount that the court shall order as child support. However, the court may order payment of child support that varies, plus or minus five percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. In addition, the court may order payment of child support in an amount that varies more than five percent from the guideline amount upon a written finding explaining why the guideline amount is unjust or inappropriate. § 61.309(l)(a), Fla. Stat. (2013).