# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1586
LT Case No. 2020-30949-FMCI

_____

SAMUEL JOCELYN,

    Appellant,

    v.

PEGGY ESMERELDA JOCELYN,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Sandra C. Upchurch, Judge.

Stephanie A. Sussman, of Sussman, Johnson & Alvarez Family
Law, Jacksonville, for Appellant.

Sara E. Glover, of Cobb Cole, Daytona Beach, for Appellee.

June 14, 2024

HARRIS, J.

    Samuel Jocelyn ("Former Husband") appeals the trial court's
Final Judgment of Dissolution with Minor Children. The majority
of Former Husband's claimed errors are raised for the first time in
this appeal and are thus unpreserved or unsupported due to a lack
of any transcripts and the Former Husband's inability to allege
and demonstrate harmful error. However, we agree with Former
Husband that the trial court's error in failing to make required

findings to support its alimony award, apparent from the face of the judgment, requires reversal. In addition, Peggy Esmerelda Jocelyn ("Former Wife") concedes several unrelated errors which, upon remand, shall be corrected by the trial court. In all other respects, we affirm.

On the issue of alimony, the court listed several of the factors enumerated in section 61.08(2), Florida Statutes (2023), and then concluded that Former Wife had the need and Former Husband the ability to pay durational alimony. However, the court failed to make any specific findings as to those factors.

As to alimony, section 61.08(2) provides:

> (2)(a) In determining whether to award support, maintenance, or alimony, the court shall first make a specific, factual determination as to whether the party seeking support, maintenance, or alimony has an actual need for it and whether the other part has the ability to pay support, maintenance, or alimony. . . .
>
> (b) When determining a support, maintenance, or alimony claim, the court *shall include written findings of fact relative to the factors provided in subsection (3) supporting an award* or denial of support, maintenance, or alimony, unless the denial is based upon a failure to establish a need for or ability to pay support, maintenance, or alimony. However, the court shall make written findings of fact as to the lack of need or lack of ability to pay in denying a request for support, maintenance, or alimony.

§ 61.08(2), Fla. Stat. (2023) (emphasis added).

A failure to consider all of the mandated factors is reversible error. *See Parenteau v. Parenteau*, 795 So. 2d 1124, 1125–26 (Fla. 5th DCA 2001) ("The trial court's blanket statement that it has considered all the statutory factors is insufficient to meet the statute's requirement that findings of fact 'shall' be included as to

2

the factors listed in the statute."); *Segall v. Segall*, 708 So. 2d 983, 986 (Fla. 4th DCA 1998) (reversing permanent alimony award where, in the absence of sufficient factual findings concerning the statutory factors, it was impossible for appellate court to assess the reasonableness of the permanent alimony award); *Medlin v. Medlin*, 656 So. 2d 528 (Fla. 4th DCA 1995) (reversing award of lump sum alimony where judgment considers some but not all of the factors listed under section 61.08(2)); *Kennedy v. Kennedy*, 622 So. 2d 1033, 1035–36 (Fla. 5th DCA 1993) (holding that trial court erred in its application of law when it failed to consider all statutory factors). The lack of transcript was not an issue for the appellate courts in the above cases, as the error was apparent on the face of the judgment.

Here, the final judgment merely listed the factors in section 61.08(3), without making findings as to each. While the court did make findings as to the parties' monthly *gross* incomes, Former Wife's underemployment, and that the award of alimony would not leave Former Husband "with significantly less *net* income than the *net* income of [Former] Wife[,]" it failed to make several other statutory required findings. For example, no factual findings were made as to the net income of the parties, the age of the parties, duration of the marriage, standard of living, work history, sources of income, contribution to the marriage, present employability, and ability to become self-supporting. This was error.

Former Husband also argues that the trial court erred by requiring him to purchase a life insurance policy to secure his alimony obligation without making any factual findings. We agree. To require a party paying alimony to maintain life insurance, the trial court must make findings regarding the availability and cost of insurance, ability to pay for the insurance, and special circumstances warranting the requirement of life insurance. *See Alpha v. Alpha*, 885 So. 2d 1023, 1033–34 (Fla. 5th DCA 2004). As with the alimony award, the necessary findings to support a requirement to purchase and maintain life insurance were not included in the final judgment. This too requires remand.

Finally, Former Husband has raised other errors in the final judgment that require reversal. These include clarifying that the alimony award is for twelve years as opposed to twelve years and

3

a month, removing from the caption of the document "with minor children" as the parties had no children, and correcting the interest rate awarded to be consistent with the statutory rate. Former Wife has appropriately conceded error in each of these issues.

Because the trial court's decisions concerning alimony and life insurance are not supported by factual findings, we remand the case as to those issues.[1] On remand the trial court shall also correct those issues on which the Former Wife has conceded error. In all other respects, the final judgment is affirmed.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

WALLIS and LAMBERT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[1] If necessary on remand, the trial court may hear additional evidence in order to make the required factual findings. *See Winney v. Winney*, 979 So. 2d 396, 401–02 (Fla. 1st DCA 2008).