661 So.2d 919 (1995)
Joyce D. KESLING, Appellant,
v.
Michael D. KESLING, Appellee.
No. 94-04332.
District Court of Appeal of Florida, Second District.
October 18, 1995.
Miriam E. Mason and Caroline K. Black of Sessums & Mason, P.A., Tampa, for Appellant.
Wayne J. Boyer and John C. Knecht of Wayne J. Boyer, P.A., Dunedin, for Appellee.
PATTERSON, Judge.
The wife appeals from a final judgment of dissolution of marriage and challenges almost every aspect of the judgment. We find merit in her issues pertaining to alimony and attorney's fees.
The parties, both forty-one at the time of the final hearing, were married in 1977. They have no children. The husband began working in a carpet business sweeping floors and cleaning carpets. In 1986, he started his own wholesale carpet sales and installation business, which has prospered. The wife worked in the business as the office manager until shortly after the commencement of *920 these proceedings when she was terminated. She has remained unemployed since that time.
The wife has a history of chronic mental illness beginning in her childhood. For this reason, the trial judge appointed Dr. Mitchell Knoungold, a licensed psychologist and vocational evaluator, to perform an independent evaluation of the wife. At the same time, she was undergoing psychotherapy with Dr. Cheryl Fellows, a psychologist, and receiving medications for depression and anxiety from Dr. Levi Cohen, a psychiatrist. During the course of the case, she attempted suicide.
At trial, Dr. Fellows testified that the wife suffers from anxiety and depression that impair her interpersonal skills and require continuing treatment. The thrust of the expert testimony, however, came from Dr. Knoungold. It was his opinion that the wife was significantly depressed with obsessive preoccupations with suicide. He found her to have the intellectual prerequisites to graduate from a four-year college program were it not for her mental problems. He defined her condition to be a "mixed personality disorder with borderline and paranoid features" further complicated by an abuse of marijuana and alcohol. He went on to say that her condition, although exacerbated by the divorce, was longstanding, chronic, and required continuing treatment.
Dr. Knoungold then directed his attention to the wife's prospects for employment. He found that "the prognosis for a successful and sustained competitive employment is currently very poor," and that "her mood swings will make it pretty near impossible for her to sustain employment, particularly during the stressful divorce proceedings." As to the future, he found her to have a capacity for gainful employment in an occupation with "mild to moderate levels of stress and frustration," working more effectively with things and equipment than with other people. He suggested that photography might be an appropriate vocation.

ALIMONY
Against this backdrop, the trial court denied the wife's claim for permanent alimony and awarded her $1,800 rehabilitative alimony for a period of two years, along with some educational funding. This award constitutes reversible error for two reasons. First, there is a disparity between the earning capacities of the parties. The husband has proven himself to be an astute businessman rising from menial labor to ownership of a successful business, which in 1993 generated in excess of $100,000 in net economic income to the parties. Although he must pay $72,000 to the wife in equitable distribution of this marital asset, he retains ownership of the business with the probability of generating substantial income in future years. The wife, on the other hand, was unemployable at the time of trial with a prospect of earning $25,000 a year if she can become retrained and employed. These facts alone justify an award of permanent alimony. See Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991). The second, and equally compelling reason, is the wife's mental health. The record is clear that her condition is chronic, is debilitating in both her personal life and her ability to be employed, and due to the long history of the illness, is not likely to be miraculously cured when this divorce is over. See Gensemer v. Gensemer, 383 So.2d 913 (Fla. 2d DCA 1980). These circumstances taken together mandate an award of permanent alimony.
This case is complicated by Dr. Knoungold's testimony that the wife's mental condition may improve after the stress of divorce is over, that she may be able to be vocationally retrained by further education and, if she is successful in both of these areas, she may be able to find employment. These circumstances may well justify an award of rehabilitative alimony in addition to permanent alimony. Such awards are proper. See Zelahi v. Zelahi, 646 So.2d 278 (Fla. 2d DCA 1994); Coyne v. Coyne, 505 So.2d 1115 (Fla. 2d DCA 1987).
The final hearing in this case was held in June 1994. We are unaware of how the parties' circumstances may have changed since then. Therefore, on remand, the trial court is directed to conduct an evidentiary hearing and determine an amount of permanent periodic alimony and, if appropriate, an additional amount of rehabilitative alimony.

ATTORNEY'S FEES
As the trial judge expressed, this was a "nasty" but uncomplicated divorce. There *921 were no issues of child custody or support. The parties had accumulated no assets of consequence. The issue of equitable distribution was straightforward. Nonetheless, this case spawned (at the minimum) seven motions for temporary relief or injunction, three motions to compel or for possession of property, seven motions for contempt, and one separate proceeding for an injunction against domestic violence. In one order rendered on one of the husband's motions for contempt, the trial judge reserved jurisdiction to consider the husband's prayer for attorney's fees.
On August 31, 1994, a hearing was held on the issue of fees and costs for the wife. The proceeding consisted of an informal conversation between the lawyers and the judge. At one point, counsel for the husband commented that his office had expended twenty-two hours pursuing various motions to hold the wife in contempt for her failure to attend a deposition. He attributed ten of those hours to himself and twelve to his associate. No sworn testimony was offered and the transcript reflects an "off the record" conversation, the subject matter of which is not disclosed.
In the final judgment, the trial court made a finding that that hearing supported an award to the wife of $5,000 in attorney's fees and $4,271.21 in costs, for a total of $9,271.21 to be paid by the husband. The record does contain discussions as to these amounts and the husband does not contest them in this appeal. The court then concluded that the wife should pay a like amount to the husband due to her "willful violations of several court orders." The wife contests this award as being unsupported by the record. We agree. Therefore, we vacate the award of $9,271.21 to the husband. On remand, the trial court may conduct further evidentiary proceedings on this issue if it finds the same to be appropriate.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.