707 So.2d 350 (1998)
Joann C. CARDILLO, Appellant,
v.
Paul T. CARDILLO, Appellee.
No. 97-00194.
District Court of Appeal of Florida, Second District.
January 23, 1998.
Rehearing Denied March 18, 1998.
Catherine M. Catlin of Catherine M. Catlin, P.A., Tampa, for Appellant.
Karol K. Williams and Allison M. Perry, Tampa, for Appellee.
QUINCE, Judge.
This case arises out of a divorce proceeding involving Joann and Paul Cardillo. Our review of the record convinces us that the trial court erred in refusing to consider the most recent income shared by the parties in making its determination of alimony. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
The parties were married fourteen years and had two children. Toward the end of the parties' marriage Mr. Cardillo began to experience some success in his law practice, and the family's income increased substantially. Nevertheless, the parties' relationship deteriorated and they sought dissolution. Based on her years of marriage, her financial condition relative to her husband's, and her long absence from the workplace, Ms. Cardillo sought permanent periodic and rehabilitative alimony. In calculating the amount of alimony, Ms. Cardillo argued that the court was required to consider the income most recently shared by the parties.
Reasoning that a consideration of the income shared by the parties for the majority of the marriage was appropriate, the trial court ordered rehabilitative alimony and refused to consider the parties' most recent income. This decision was error. The applicable standard of living which Ms. Cardillo is entitled to maintain is a pivotal consideration in an alimony analysis. A review of the decisions on this issue indicates that the standard to be considered is the most recent standard of living shared by the parties. Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992); Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Pfaffko v. Pfaffko, 559 So.2d *351 1204 (Fla. 2d DCA 1990). The trial court's refusal to examine the parties' most recent standard of living, a standard they had enjoyed for over two years, warrants reversal.
Additionally, we note the trial court awarded rehabilitative alimony without making any findings concerning a rehabilitative plan or goal. The court simply said the wife was in need of retraining and ordered $700.00 per month for twenty-four months. There is no indication that this sum is to cover training for a medical career or training to update her teaching credentials. There is nothing to indicate how this $700.00 figure was calculated.
On remand, the trial court should also reconsider the type of alimony to which Ms. Cardillo is entitled. Permanent periodic alimony is appropriate where one spouse has foregone a career to stay at home and raise the children for a significant period of time. Gray v. Gray, 658 So.2d 607 (Fla. 2d DCA 1995). In this case, the parties were married for fourteen years, and Ms. Cardillo was not employed outside the home for approximately nine of those years. Fourteen years is a long term marriage. Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991). While there is some dispute concerning whether the parties agreed that the wife would forego a career and stay at home, the husband certainly benefited from the arrangement. See McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995)(evidence did not support award of rehabilitative alimony where there was a great disparity in income and trial court did not make finding about rehabilitative plan). Both permanent periodic and rehabilitative alimony are intended to enable the moving spouse to maintain the lifestyle enjoyed before the dissolution. Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996)(permanent periodic alimony must place the movant in substantially the same financial position); Crowley v. Crowley, 678 So.2d 435 (Fla. 4th DCA 1996)(rehabilitative alimony must place the movant in substantially the same financial position). The trial court in this case acknowledges that the wife could never afford to have the kind of home, boat and automobile she enjoyed during the marriage, and that even with retraining the wife will only make a salary that is one-fifth of that enjoyed by the husband.
The alimony award is reversed and remanded with directions to reconsider the type and amount of alimony, taking into consideration the most recent income enjoyed by the parties.
CAMPBELL, A.C.J., and FULMER, J., concur.