776 So.2d 1004 (2001)
Laura M. HILL, Appellant,
v.
Roger Dean HOOTEN, Appellee.
No. 5D00-1095.
District Court of Appeal of Florida, Fifth District.
January 19, 2001.
*1005 Linda Logan Bryan, Miller, Shine & Bryan, P.A., St. Augustine, for Appellant.
Charles A. Esposito, Upchurch & Esposito, P.A., St. Augustine, for Appellee.
PALMER, J.
Laura Hill (Wife) appeals the final judgment dissolving her marriage to Roger Hooten (Husband). We reverse and remand for further proceedings.
The parties were married for 17 years. Both were registered nurses when they married. Husband became a certified nurse anesthesiologist during the marriage. At the time of trial, Husband was earning a net monthly salary of $5,850.00. Wife was earning a net monthly salary of $758.00 although her counsel suggested she had an earning capacity of $1,750.00 per month. The parties have one child who was born in 1985.
At trial the only unresolved issues involved alimony and allocation of marital debt. Wife sought an award of permanent periodic alimony. Neither party claimed that an award of rehabilitative alimony would be appropriate. The marital debt in question consisted of $62,000.00 in student loans incurred by the Husband in becoming a certified nurse anesthesiologist. The final hearing was very informal, with both counsel and the parties (unsworn) primarily responding to questions asked by the court.[1]
At the conclusion of the hearing, the trial court awarded the Wife $500.00 per month for 36 months as rehabilitative alimony. The trial court did not provide any findings of fact to support the ruling. The court further required the Husband to fully assume the marital debt and to pay child support in the amount of $1,000.00 per month until the minor child reached the age of 18. The court did not require the Husband to obtain life insurance to secure his child support obligation in spite of a stipulation to that effect. The court also failed to issue a ruling with respect to the child's non-covered medical expenses.

Alimony
Wife argues that the trial court erred in denying her request for permanent periodic alimony, in failing to set forth findings of fact as to the denial of permanent periodic alimony, and in awarding rehabilitative alimony absent any evidence related thereto.
Section 61.08 of the Florida Statutes (1999) states that in all dissolution actions the court shall include findings of fact relative to the following factors to support its award or denial of alimony:
61.08 Alimony.
* * *
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the non-marital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.

*1006 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
In construing this statute, our court has consistently ruled that the failure to provide such findings constitutes reversible error. See Brown v. Brown, 626 So.2d 1121 (Fla. 5th DCA 1993); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992).
Review of the final judgment reveals that the trial court set forth few facts in support of its rulings. The judgment explains that the Wife is 44 years old and the Husband is 47. The order states that the Wife is a registered nurse with employment prospects upon a return to work, that she last earned $30,000.00 at her highest paid employment, and that she has plans to relocate in an effort to increase her employment prospects. The order further explains that the Husband is a certified nurse anesthesiologist earning $85,000.00 annually. No additional factual findings are set forth in the order.
Although the facts of this case strongly suggest that permanent periodic alimony should have been awarded to the Wife, we cannot say that she was entitled to receive such an award as a matter of law because the trial court failed to set forth sufficient findings of fact. In that regard, the final judgment fails to discuss the standard of living established by the parties during the marriage, the duration of the marriage, the physical and emotional condition of the parties, the financial resources of the Wife, the non-marital and marital assets and liabilities distributed to each party, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment, the contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party, and all sources of income available to the parties. The trial court's failure to comply with the statutory mandate requires reversal of the dissolution order and remand with instructions that proper findings be provided. See Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996)(holding that although evidence concerning the statutory factors was presented by the parties during the dissolution hearing, the trial court's failure to set forth findings of fact in the dissolution judgment required reversal). Accord Henin v. Henin, 767 So.2d 1284 (Fla. 5th DCA 2000).
In any event, the trial court's award of rehabilitative alimony must be reversed because the parties failed to present evidence of any valid rehabilitation plan which would support the award. The principal purpose of awarding rehabilitative alimony is to provide funds to the requesting spouse so he or she can establish the capacity for self-support, either through the redevelopment of previous skills or the provision of the training necessary to develop potential supportive skills. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). We have ruled that rehabilitative alimony cannot be awarded absent a rehabilitative plan. Fullerton v. Fullerton, 709 So.2d 162, 164 (Fla. 5th DCA 1998). Here, the trial court awarded the Wife what it considered to be rehabilitative alimony, yet no evidence was presented during the hearing to support the conclusion that the Wife possessed any 36 month rehabilitation plan or that after the 36 month time period she could earn income that would allow her to enjoy a lifestyle approaching that which she enjoyed during the marriage.[2]
*1007 Upon remand, the trial court must either award permanent periodic alimony or set forth findings of fact upon which it bases the denial of such an award. In so doing, the court should bear in mind that this 17 year marriage is a long-term marriage which creates a presumption in favor of an award of permanent alimony.[3] The presumption is, of course, rebuttable, although neither age nor a spouse's ability to earn some income rebuts that presumption. As we explained in Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996):
A spouse's age is not a valid basis to deny permanent alimony absent evidence that the spouse's youth would allow her or him to earn income sufficient to support a life-style consistent with that enjoyed during the marriage.
Id. at 1305. We further stated:
For purposes of determining entitlement to alimony, a spouse is not self-supporting just because he or she has a job and income. To the extent possible, a divorced spouse is entitled to live in a manner reasonably commensurate with the standard established during the course of a marriage, notwithstanding that the spouse is employed.
Young, 677 So.2d at 1306.
In determining the amount of alimony, the trial court must generally look at the standard of living enjoyed by the parties at the time of separation or the filing of the dissolution petition. Husband erroneously argues that alimony should be determined based upon the lower lifestyle which the parties enjoyed earlier in their marriage because his increased earning capacity was realized only toward the end of the marriage. A similar argument was rejected by the court in Cardillo v. Cardillo, 707 So.2d 350 (Fla. 2d DCA 1998). In that case the evidence demonstrate that toward the end of the parties' fourteen year marriage, the Husband had begun to experience success in his career and the family's income had increased substantially. In requesting alimony, the Wife petitioned the trial court to consider the income most recently shared by the parties. The trial court refused and instead based its alimony award upon the more modest standard of living enjoyed by the parties for the majority of the marriage. Upon review, the Second District reversed:
The applicable standard of living which Ms. Cardillo is entitled to maintain is a pivotal consideration in any alimony analysis. A review of the decisions on this issue indicates that the standard to be considered is the most recent standard of living shared by the parties. Bible v. Bible, 597 So.2d 359 (Fla. 3d DCA 1992); Lanier v. Lanier, 594 So.2d 809 (Fla. 1st DCA 1992); Pfaffko v. Pfaffko, 559 So.2d 1204 (Fla. 2d DCA 1990). The trial court's refusal to examine *1008 the parties' most recent standard of living, a standard they enjoyed for over two years, warrants reversal.
Id. at 350-51. We agree with this conclusion and apply it to this case.

Child Support
Wife contends that the trial court erred in ordering child support which ends when the minor child reaches 18, contending that the minor child will be in the middle of her senior year at the time and thus still in need of receiving support. Husband responds that there is no evidence in the record that the child would be beyond the age of eighteen when she graduates from high school, yet he does not deny that such is the case.
Given the informality of the hearing, it is not surprising that the issue was not clearly established in the record. In any event, the issue can and should easily be determined upon remand. The right to child support belongs to the child and she should not be shortchanged because of a failure to establish this simple fact at the first hearing. If it is established that the child will be in her senior year at the time she turns 18, the trial court should either award child support until the date she graduates or set forth findings of fact explaining why such relief is denied. Although section 743.07 of the Florida Statutes (1999) gives the trial court discretion whether to award extended child support beyond the age of 18, if the child is dependant in fact and reasonably expected to graduate before the age of 19, the denial of such support should be the exception rather than the rule. As the Fourth District has explained, since children who are still attending high school at age 18 are in need of financial support, section 743.07(2) of the Florida Statutes should be interpreted liberally in order to provide such support, thereby mitigating any potential harm to the child resulting from the lack of support. See Boot v. Sapp, 714 So.2d 579 (Fla. 4th DCA 1998)(authorizing the trial court to award child support through the date of graduation notwithstanding the fact that the twin children turned 19 a few weeks before graduation because to deny such support could harm the children); see also Wattenbarger v. Wattenbarger, 767 So.2d 1172 (Fla.2000)(approving the Boot decision).
Wife also contends that the trial court erred by failing to direct the Husband to obtain a life insurance policy to secure his child support obligation. We agree. Husband agreed, on the record, to secure such life insurance. The record reveals no basis on which the Husband's stipulation could properly be disregarded by the trial court. Accordingly, upon remand, the trial court must include in an amended final judgment a requirement that Husband maintain life insurance in the amount of $50,000.00 to secure his child support obligation.
Wife also properly argues that the trial court erred by failing to address the parties' responsibility for the child's non-covered medical expenses in the final judgment. Section 61.13(1)(b) of the Florida Statutes (1999), provides as follows:
61.13. Custody and support of children; visitation rights; power of court in making orders.
(1)
* * *
(b) Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available. Insurance is reasonably available if either the obligor or obligee has access at a reasonable rate to group insurance. The court may require the obligor either to provide health insurance coverage or to reimburse the obligee for the cost of health insurance coverage for the minor child when coverage is provided by the obligee. In either event, the court shall apportion the cost of coverage, and any non-covered medical, dental, and prescription medication expenses of the *1009 child, to both parties by adding the cost to the basic obligation determined pursuant to s. 61.30(6). The court may order that payment of uncovered medical, dental, and prescription medication expenses of the minor child be made directly to the payee on a percentage basis.
(Emphasis added). On remand, the amended final judgment must include a provision with regard to these expenses. See Rey v. Rey, 598 So.2d 141 (Fla. 5th DCA 1992).

Other Issues
We have considered Wife's other claims of error relating to COBRA coverage and payment for the marital residence and affirm the trial court's rulings thereon. As to the COBRA claim, the judgment is not ambiguous and it is clear from the record that Wife would be responsible for that payment. Of course, that issue can be revisited in connection with revisiting the alimony issue. With regard to the martial home, the record reveals that Husband did not enter the stipulation suggested by Wife. However, upon remand, the trial court should revisit the issue of the marital home to determine whether the Wife is entitled to receive reimbursement of her deposit monies.

Attorney Fees
Wife has moved for an award of appellate attorneys fees. Given the disparate amount of income between the parties, the motion is granted. Upon remand, the trial court is directed to determine the amount of reasonable fees and the proportion thereof to be paid by Husband, in light of any new alimony determination made.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON, C.J. and PLEUS, J., concur.
NOTES
[1] It was difficult for this court to conduct a proper review of the proceedings below because of the informal nature of the proceeding. Both the parties and this court would have been assisted if normal procedures had been used in the conduct of the hearing.
[2] The trial court indicated that the determination of the amount of rehabilitative alimony was based upon the Husband's assumption of $62,000.00 in marital debt. The unequal distribution of marital debt is not a valid basis on which to deny permanent alimony or to award rehabilitative alimony in the absence of a rehabilitation plan. Upon remand, the distribution of marital debt can be revisited in connection with revisiting the alimony issue.
[3] While this court has not previously specifically defined when a marriage is deemed to be long-term, in Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996), the court indicated it was "reluctant" to define a fifteen year marriage as long term. Marriages of seventeen years have specifically been determined by other districts to be long-term. For example, in Cruz v. Cruz, 574 So.2d 1117 (Fla. 3d DCA 1990), a marriage of seventeen years was recognized as a long-term marriage, and in Moorehead v. Moorehead, 745 So.2d 549, 551 (Fla. 4th DCA 1999), the Fourth District characterized a seventeen year marriage "more on the side of a long-term marriage than one in the grey area." In Kesling v. Kesling, 661 So.2d 919, 920 (Fla. 2d DCA 1995), the Second District implicitly found that a seventeen year marriage was a long term marriage when it determined that a disparity of income between the spouses and one spouse's inability to ever earn as much as her spouse would "alone justify an award of permanent alimony." Although the Second District explicitly held in Cardillo v. Cardillo, 707 So.2d 350, 351 (Fla. 2d DCA 1998) that: "Fourteen years is a long-term marriage," a later decision by a different panel receded from the determination. Knoff v. Knoff, 751 So.2d 167 (Fla. 2d DCA), rev. denied, 767 So.2d 458 (Fla.2000).