PER CURIAM.
 

 Lauren L. Córtese (“Wife”) appeals the final judgment of dissolution of marriage dissolving her marriage to Charles J. Córtese (“Husband”). Of the numerous issues raised in the direct appeal and in the cross appeal, only one issue merits discussion and reversal — the trial court’s grant of a credit to Husband for one-half of the marital home mortgage payments and other house-related expenses that Husband paid during the parties’ period of separation.
 

 We believe this award was error for several reasons. First, Husband did not request this credit in his pleadings.
 
 See Udell v. Udell,
 
 950 So.2d 528, 529-30 (Fla. 4th DCA 2007) (holding that it was improper for the trial court award a rental value set-off to the husband in return for the wife’s exclusive use of the marital home during the separation because it was not requested in the husband’s pleadings).
 

 Second, given that during the marriage Husband was generally responsible for paying the mortgage and other household expenses by virtue of being the primary breadwinner,
 
 [1]
 
 it was inappropriate for the trial court to award a credit to Husband for paying the expenses on the marital home during the separation.
 
 See Kranz v.
 
 
 *270
 

 Kranz,
 
 737 So.2d 1198, 1202-03 (Fla. 5th DCA 1999) (holding it error to award the husband credit for making mortgage payments on the marital home during the separation period where the husband paid the mortgage during the marriage).
 

 Third, as Wife points out, the trial court specifically ruled that the expenses Husband paid toward the marital home were temporary alimony, and the trial court used that finding to conclude that there was no alimony arrearage at the time of the Final Judgment. The trial court’s determination that the marital home expenses paid by Husband constituted alimony precluded the trial court from awarding Husband a credit for making those payments.
 
 See Roth v. Roth,
 
 611 So.2d 1268, 1268 (Fla. 3d DCA 1992) (“The husband is not entitled to a credit for the mortgage payments, when ... the payments constituted his support obligation.” (citing
 
 Pastore v. Pastore,
 
 497 So.2d 635, 637 (Fla.1986);
 
 Fitzgerald v. Fitzgerald,
 
 558 So.2d 122 (Fla. 1st DCA 1990))). Thus, the trial court’s order is erroneous because it simultaneously credits Husband’s payments on the marital home toward alimony and requires Wife to repay Husband for one-half of those expenses.
 

 Accordingly, that part of the Final Judgment awarding Husband credit for one-half of the expenses and mortgage payments is reversed and this case is remanded for the trial court to render an amended final judgment in accordance herewith. As to the other issues raised by the parties, we affirm without further discussion.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 GRIFFIN, SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . The trial court found that “[t]he parties have primarily lived off the husband’s income. The wife’s earnings were substantially less than the husband’s during the marriage.” Moreover, the parties entered into a partial equitable distribution agreement that provides, "Husband agrees to
 
 continue
 
 to be responsible for the following payments toward the marital residence....” (Emphasis added). This provision suggests that Husband was responsible for paying the referenced expenses on the marital home during the marriage.