COHEN, J.
Sharon Motie (“Former Wife”) appeals a final judgment of dissolution of marriage (“Final Judgment”). She raises several issues on appeal, only two of which have merit. She argues that the trial court erred in awarding her durational instead of permanent alimony and in incorrectly calculating retroactive alimony and child support. We agree.
Former Wife was married to Anirude Motie (“Former Husband”) for over seventeen years. During the marriage, the parties had two children who reached the age of majority prior to entry of the Final Judgment.
Former Wife obtained a bachelor’s degree in 1988 and worked prior to the marriage, earning between five and six dollars per hour. During the marriage, Former Husband, a veterinarian with his own practice, was the primary breadwinner for the family. Former Wife occasionally worked in Former Husband’s veterinary office but she was not paid. She also served as the full-time manager of an unsuccessful Blim-pies franchise that the parties purchased in 2004 until it closed in 2008. This was her only employment outside the home during the marriage.
The parties resided together with the children in the marital home until approximately June, July, or August 2010, even after Former Wife filed a petition for dissolution of marriage. From the date of filing until the sale of the marital home in February 2011, Former Husband gave Former Wife $6,021.83 per month to pay the household bills, including the mortgage on the marital home. After the house sold, Former Husband reduced his payment to Former Wife to approximately $1,700 per month until the court ordered him to pay $3,500 per month as temporary alimony.
Following trial, the trial court entered the Final Judgment. Among other rulings, the trial court imputed income of $10 per hour to Former Wife and awarded her durational alimony of $3,500 per month for *1213 eight years. The court calculated retroactive child support and alimony and found that Former Husband did not owe Former Wife any arrearage.
The first issue on appeal is whether the trial court erred in awarding Former Wife durational instead of permanent alimony. We review the trial court’s award of durational alimony for an abuse of discretion. See, e.g., Marshall v. Marshall, 953 So.2d 23, 25 (Fla. 5th DCA 2007) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)).
The purpose of permanent alimony is to “provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties.” Canakaris, 382 So.2d at 1201; accord § 61.08(8), Fla. Stat. (2013). The primary factors to be considered in deciding to award alimony are the needs of one spouse and the ability of the other spouse to pay. Canakaris, 382 So.2d at 1201. The alimony statute, section 61.08, Florida Statutes, provides that permanent alimony may be awarded “following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2).... In awarding permanent alimony, the court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties.” § 61.08(8), Fla. Stat. Durational alimony, on the other hand, “may be awarded when permanent periodic alimony is inappropriate.” § 61.08(7), Fla. Stat. “The purpose of du-rational alimony is to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis.” Id. Both types of alimony remain subject to modification upon a substantial change in circumstances. § 61.08(7), (8), Fla. Stat.
There is a rebuttable presumption that permanent periodic alimony is appropriate after a long-term marriage. Cerra v. Cerra, 820 So.2d 398, 401 (Fla. 5th DCA 2002) (citing Hill v. Hooten, 776 So.2d 1004, 1007 (Fla. 5th DCA 2001)). Neither age nor a spouse’s ability to earn some income will alone rebut the presumption. Id. There is also a rebuttable presumption that a marriage lasting seventeen years or longer is a long-term marriage. § 61.08(4), Fla. Stat.
Although the trial court has considerable discretion in determining an award of alimony, that discretion is not unlimited. Canakaris, 382 So.2d at 1203. Courts should avoid substantial disparities in domestic judgments that result from similar factual circumstances. See id. In almost every case with factual circumstances similar to those in the instant case, courts have found that permanent alimony was appropriate. See, e.g., Fortune v. Fortune, 61 So.3d 441 (Fla. 2d DCA 2011) (holding trial court abused discretion by not awarding permanent alimony in a “classic permanent alimony case” where former husband was breadwinner and former wife was homemaker); Alcantara v. Alcantara, 15 So.3d 844 (Fla. 3d DCA 2009) (holding trial court abused discretion by not awarding permanent alimony in long-term marriage where parties did not enjoy a lavish standard of living during marriage; noting that an award of permanent alimony is particularly appropriate where spouse has remained at home caring for the family rather than pursuing a career); Zeigler v. Zeigler, 635 So.2d 50 (Fla. 1st DCA 1994) (holding trial court abused discretion in not awarding permanent alimony to wife where marriage lasted for 13.5 years, parties agreed that husband would earn income while wife would be homemaker, and there was no evidence to indicate that wife would ever *1214 be able to support herself in a manner reasonably commensurate with the lifestyle attained during marriage).
In this case, there is a presumption in favor of permanent alimony because the marriage was long-term. See Cerra, 820 So.2d at 401. The trial court correctly considered the needs of Former Wife and the ability of Former Husband to pay. It found that Former Wife had a monthly need of $3,765 and imputed a monthly income of $1,738.38 to her.[1] Regarding Former Husband’s ability to pay, it found that he earns a monthly gross income of $16,279.33 and is able to support Former Wife. The court then made the requisite findings of fact regarding the statutory factors. The court concluded that, considering the relevant factors, Former Wife had a need for support consisting of durational alimony for eight years. It noted that “[t]he actions of the parties, their credibility, their age, their expected ability to produce a fruitful income and the remaining considerations in the above factors do not meet the criterion for permanent periodic alimony.” The court’s factual findings were insufficient to conclude that there was no need for ongoing permanent support and rebut the presumption of permanent alimony. Therefore, we hold that the trial court abused its discretion in failing to award permanent periodic alimony.[2]
The next issue is whether the trial court erred in finding that no arrearage was due. An award of retroactive alimony or child support is reviewed for an abuse of discretion. See, e.g., Cleary v. Cleary, 872 So.2d 299, 303 (Fla. 2d DCA 2004). In this case, the trial court made three legal errors in calculating the arrearage that require reversal.
First, the trial court erred by not making the requisite findings of fact and by failing to consider Former Wife’s need and Former Husband’s ability to pay during the retroactive period. Like an award of alimony, an award of retroactive alimony must be based on the payor-spouse’s ability to pay and the payee-spouse’s need for alimony. Alpert v. Alpert, 886 So.2d 999, 1002 (Fla. 2d DCA 2004); accord Valentine v. Van Sickle, 42 So.3d 267, 274 (Fla. 2d DCA 2010) (reversing award of retroactive alimony and remanding where trial court did not make findings of fact regarding need and ability to pay during the retroactive period). Likewise, in this case, the trial court did not make any findings of fact regarding Former Wife’s need or Former Husband’s ability to pay during the retroactive period.
Second, the trial court erred in calculating the retroactive child support. In determining child support, “the court has discretion to award child support retroactive to the date when the parties did not reside together in the same household with the child ....”§ 61.30(17), Fla. Stat. (2013). Awarding child support retroactively to a time period when the parties were residing together is reversible error. See Ditton v. Circelli, 888 So.2d 161, 162-63 (Fla. 5th DCA 2004). Here, the trial *1215 court did not make a finding regarding when the parties separated. However, the record demonstrates that the parties were living together for at least part of the retroactive period. Therefore, the trial court erred in awarding child support retroactively to a period of time when the parties were still residing together.
Lastly, the trial court erred by giving Former Husband a credit for making payments to Former Wife that she used to pay the mortgage and by double-counting those payments. We have held that when the husband was generally responsible for paying the mortgage and other household expenses during the marriage, by virtue of being the primary breadwinner, it is “inappropriate for the trial court to award a credit to [the husband] for paying the expenses on the marital home during the separation.” Cortese v. Cortese, 72 So.3d 269, 269-70 (Fla. 5th DCA 2011) (citing Kranz v. Kranz, 737 So.2d 1198, 1202-03 (Fla. 5th DCA 1999)); accord Valentine, 42 So.3d at 274-75; Knecht v. Knecht, 629 So.2d 883, 888 (Fla. 3d DCA 1993).
Here, the court found that Former Husband was paying “undifferentiated support” of approximately $6,000 per month from October 2009 until February 2011, when he decreased the support to approximately $1,763. It is undisputed that at least part of the $6,000 Former Husband gave Former Wife per month between October 2009 and February 2011 was used to pay the mortgage and other household expenses. Therefore, under Córtese, Valentine, and Knecht, it was improper to give Former Husband a support credit for the entire $6,000 per month, and the $103,823.97 credit must be recalculated.
The court then found, after calculating retroactive child support, that Former Husband owed an arrearage of $4,536 in total, but concluded that no arrearage was due because “the husband paid the full mortgage and other marital bills.” Thus, because the court used the $6,000 payments, which were used to pay the mortgage, to calculate Former Husband’s credit, it was error for the court to also consider the fact that “the husband paid the full mortgage and other marital bills” to justify that no arrearage was due. In essence, it appears that the court double-counted the mortgage payments.[3]
In sum, we reverse the portion of the Final Judgment that awards Former Wife durational alimony and the portion that provides that no arrearage is due, and remand for further proceedings consistent with this opinion. We affirm in all other respects.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PALMER and WALLIS, JJ., concur.

. The trial court did not abuse its discretion in imputing income to Former Wife. Although she had never earned $20,000 per year during the marriage, she obtained marketable skills working in the veterinary office and managing the Blimpies. Cf. Shafer v. Shafer, 45 So.3d 494 (Fla. 4th DCA 2010); Schlagel v. Schlagel, 973 So.2d 672 (Fla. 2d DCA 2008).

. Former Husband claims that Former Wife has the ability to earn substantially more in the future; however, the evidence was not conclusive on this issue. If Former Wife secures a job where she earns substantially more income than expected, Former Husband's remedy is to file a petition for modification.

. Former Husband maintains that the calculation was nevertheless correct because he continued to pay Former Wife’s car insurance and Former Wife failed to pay some of the necessary household expenses with the money given to her; however, the trial court made no such findings of fact.