# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0128
Lower Tribunal No. 14-9871
_____

**Kevin Carroll,**
Appellant,

vs.

**Brigette Marcela Goll,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

The Vogelsang Law Firm and George C. Vogelsang (Sunrise); The Levey Law Firm, P.A. and John R. Kelso, for appellant.

Kelley Kronenberg, Tracy Belinda Newmark and Natalie Suzanne Kay (Plantation), for appellee.

Before EMAS, LOGUE and LUCK, JJ.

PER CURIAM.

Kevin Carroll raises five issues in his appeal of the trial court's final judgment of paternity. We affirm the paternity judgment in all respects but one.

The general magistrate, in a report adopted by the trial court, found that Carroll was ordered to pay Bridgette Marcela Goll three-hundred-fifty-one dollars of child support every other week in an August 2007 temporary injunction for protection against domestic violence with minor children. The general magistrate concluded that the August 2007 temporary injunction was still in effect by March 2015, with Carroll owing $28,388.50 in arrearages in the eight years since the order was entered.

Carroll contends that he owed no more than one year's worth of arrearages, and not eight years as calculated by the general magistrate, because the temporary injunction expired in August 2008. Goll responds that Carroll did not raise an objection to the calculation of child support arrearages based on the August 2007 temporary injunction, and even if he did, section 741.30(6)(a)4. of the domestic violence injunction statute required that the enjoined party pay child support until a permanent child support order was entered.

Carroll is wrong, first, because Goll did object to the general magistrate's calculation of child support arrearages. In his exceptions to the general magistrate's report, Goll wrote that "[t]he General Magistrate erroneously used an <u>expired</u> Temporary Domestic Violence Injunction rather than the Temporary

Support Order . . . in this case and awarded $37,669 in arrearages less an $8,281 credit or $28,000, a $22,000 error." The trial court denied the exception.

Carroll is wrong, also, that section 741.30(6)(a)4. required that the child support be continued until the paternity order was entered. Section 741.30(6)(a)4. provides that:

> (6)(a) Upon notice and hearing, when it appears to the court that the petitioner is either the victim of domestic violence . . . or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence, the court may grant such relief as the court deems proper, including an injunction:. . .
>
> 4. On the same basis as provided in chapter 61, establishing temporary support for a minor child or children or the petitioner. An order of temporary support remains in effect <u>until the order expires or an order is entered by a court of competent jurisdiction in a pending or subsequent civil action or proceeding affecting child support</u>.

§ 741.30(6)(a), Fla. Stat. (2007) (emphasis added). This subsection of the domestic violence injunction statute applies to permanent injunctions, which are issued "[u]pon notice and hearing." <u>Id.</u> Temporary injunctions, on the other hand, are issued "ex parte" and "pending a full hearing" pursuant to subsection (5)(a) of the domestic violence injunction statute. <u>Id.</u> § 741.30(5)(a). The August 2007 order was not a permanent injunction, but a "temporary injunction" because it was labeled that way by the trial court and by its terms it was issued "without prior notice" and with a hearing to be set by the parties. There are many distinctions between temporary and permanent domestic violence injunctions, but the most important

3

distinction for our purposes is that the temporary injunction subsection does not have a companion provision for child support. Compare id. § 741.30(5)(a)1.-3., with id. § 741.30(6)(a)1.-7. The language Goll relies on (underlined above) is not in the temporary injunction subsection.

Even if it was, the domestic violence injunction statute authorizes, but does not require, trial courts to award temporary support until an order is entered in a pending or subsequent case. Section 741.30(6)(a) gives a list of potential relief to victims of domestic violence, but the list is not exclusive or mandatory and the trial court "may grant such relief as the court deems proper," and "[o]rder[] such other relief as the court deems necessary for the protection of a victim of domestic violence." Id. §741.30(6)(a) (emphasis added). The trial court has the discretion to tailor the domestic violence injunction to give more or less relief based on the unique facts and circumstances of each case. (For example, if the domestic violence petitioner has no children with the respondent, then there is no need to set up a parenting plan, even though the domestic violence injunction statute authorizes such plans in section 741.30(6)(a)3. The trial court is not required to include all available relief in the injunction, and has wide latitude to do what's necessary to protect the victim of domestic violence.)

The trial court did not have to include the until-an-order-is-entered-in-a-pending-or-subsequent-civil-action language, and indeed, in the August 2007 order,

4

the trial court deemed it proper to award child support through August 2008 "or until the final judgment for protection, if entered, [was] served." Because it is undisputed that no final judgment for protection was ever entered or served, the child support order expired in August 2008.

Thus, the general magistrate legally erred in awarding child support arrearages based on an order that had expired. See Motie v. Motie, 132 So. 3d 1210, 1214 (Fla. 5th DCA 2014) ("The next issue is whether the trial court erred in finding that no arrearage was due. An award of retroactive alimony or child support is reviewed for an abuse of discretion. In this case, the trial court made three legal errors in calculating the arrearage that require reversal." (citation omitted)). The general magistrate included eight years of child support arrearages where only one year was ordered. We reverse and remand to the trial court to recalculate the child support arrearages based on Carroll's failure to pay from August 2007 (when the trial court ordered him to pay Goll three-hundred-fifty-one dollars every other week) through August 2008 (when the injunction expired). We affirm the general magistrate's detailed reports, as adopted by the trial court, in all other respects.

Affirmed in part, and reversed and remanded in part with instructions.