DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DORENE HARKNESS,**
Appellant,

v.

**JOHN HARKNESS,**
Appellee.

No. 4D19-1434

[July 29, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 50-2017-DR-008086-XXXX-NB.

Jennifer S. Carroll of the Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellant.

Tracy Belinda Newmark and Natalie Suzanne Kay of Kelley Kronenberg, Fort Lauderdale, for appellee.

PER CURIAM.

Dorene Harkness ("the former wife") appeals a final judgment of dissolution of marriage. She raises several issues, including that the order awarding her durational alimony is deficient of certain requisite findings. We agree and reverse and remand for further proceedings.

The parties were married for over nineteen years before the former wife petitioned for dissolution of their marriage. The former husband was the primary breadwinner, earning approximately $200,000 per year. The former wife stayed home and cared for the parties' children for the vast majority of the marriage. During the proceedings below, the former wife obtained full time employment earning approximately $55,000 per year. There was no evidence that she was underemployed. The parties received monthly payments for the sale of one half of their business, which they split, but those payments were due to end in 2021. The former wife additionally had some modest investment and inheritance income, but, as the trial court recognized, this income was due to cease pursuant to the former wife's liquidation of assets to buy out the former husband's share

of the marital home.  The trial court determined that there was "no legal basis" for permanent alimony because there was "no permanent impediment to the Wife financially sustaining herself."  It concluded that the former wife did "not have a financial need for alimony" and, therefore, the former husband's ability to pay was "irrelevant."  It awarded the former wife durational alimony in the amount of $1500 for five years.

> "We review the trial court's award of durational alimony for an abuse of discretion."  *Motie v. Motie*, 132 So. 3d 1210, 1213 (Fla. 5th DCA 2014) (citation omitted).  "Although the trial court has considerable discretion in determining an award of alimony, that discretion is not unlimited."  *Id.* (citation omitted).  "Where a trial judge fails to apply the correct legal rule . . . the action is erroneous as a matter of law."  *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) (alteration, citation, and quotation marks omitted).

*Berger v. Berger*, 201 So. 3d 819, 821 (Fla. 4th DCA 2016).

Awards of alimony are governed by section 61.08, Florida Statutes (2019), which dictates, "In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance *and* whether either party has the ability to pay alimony or maintenance." § 61.08(2), Fla. Stat. (emphasis added); *see also Berger*, 201 So. 3d at 823 ("The primary factors for a court to consider when awarding alimony are the requesting spouse's need and the other spouse's ability to pay." (citation omitted)).  "After making these two requisite ('shall') 'specific factual determination[s],' the court must then determine the type of alimony to award."  *Hua v. Tsung*, 222 So. 3d 584, 587 (Fla. 4th DCA 2017) (alteration in original) (quoting § 61.08(2), Fla. Stat.).

"For purposes of determining alimony, there is a rebuttable presumption that a . . . long-term marriage is a marriage having a duration of 17 years or greater." § 61.08(4), Fla. Stat.  Further, there is a rebuttable presumption in favor of permanent alimony after a long-term marriage. *Berger*, 201 So. 3d at 822.  "Neither age nor a spouse's ability to earn some income will alone rebut the presumption."  *Hua*, 222 So. 3d at 588 (quoting *Motie*, 132 So. 3d at 1213).

"The purpose of permanent periodic alimony is not to divide future income to establish financial equality.  It 'is to provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties.'"  *Rosecan v. Springer*, 845 So. 2d 927, 929-30

2

(Fla. 4th DCA 2003) (quoting *Mallard v. Mallard*, 771 So. 2d 1138, 1140 (Fla. 2000)). "[A]n award of permanent alimony is improper where the evidence does not reflect permanent inability on the part of the wife to become self-sustaining." *Id.* at 930 (quoting *Aresty v. Weinstein*, 667 So. 2d 846, 847 (Fla. 3d DCA 1996)). "[I]t is intended to avoid—where possible—having a recipient pass from the ease and comfort of always having more than enough, to the distress of having only just enough for the essentials of minimum food, shelter and clothing." *Donoff v. Donoff*, 940 So. 2d 1221, 1225 (Fla. 4th DCA 2006).

First, the trial court erred by failing to address the former husband's ability to pay alimony, as such a finding is mandatory under section 61.08(2). Second, although the trial court found that the former wife does not need alimony, it does not appear that the trial court addressed the former wife's need in terms of her expenses or her necessities "as they were established during the marriage of the parties." Finally, it is not clear that the trial court applied the rebuttable presumption in favor of permanent alimony. Accordingly, we reverse and remand for additional findings consistent with this opinion. We note, however, that the additional findings may still dictate an award other than permanent alimony.

We find the remaining issues are waived or without merit and we affirm.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3